IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAWN R. MOORE, # K-70822,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-00691-GPM |
| | ) |
| **VIENNA CORRECTIONAL CENTER,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Shawn R. Moore, an inmate currently incarcerated at Vienna Correctional Center ("Vienna"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff's claims arise from the conditions of his confinement at Vienna. He is seeking $50 million in damages.

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

The first paragraph of the complaint is a long, meaningless string of legal and nonsensical terms, which also appear in numerous other prisoner complaints filed with this Court. Plaintiff then alleges that he entered Vienna on June 21, 2013 and was placed in Building #19 (Doc. 1, p. 5). While staying on the second floor, Plaintiff claims he experienced a number of problems

1

with the conditions of his confinement, including asbestos in the pipes, black mold in his living quarters, no water fountain, a shortage of toilets[1], and bites from bugs and spiders.

Plaintiff moved to the third floor on June 30, 2013. While there, he experienced the same issues he had on the second floor, as well as, water dripping from the ceiling in the restroom, a lack of ventilation in the restroom, and mice and rats that destroyed his personal property and food.

Plaintiff admits in the complaint that he took no steps to file a grievance addressing these conditions at Vienna prior to filing this lawsuit (Doc. 1, p. 4). He did not do so because Vienna is "not the Court."

## **DISCUSSION**

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action. While Plaintiff's complaint may state an actionable claim for unconstitutional conditions of confinement under the Eighth Amendment, the complaint is still fatally flawed. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).

Vienna Correctional Center is the only named defendant. The Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act and is not subject to a Section 1983 suit. *See Will v. Mich. Dep't*

---

[1] Plaintiff claims that on the second floor there are only two toilets available for 100 inmates, and on the third floor there are only three toilets available for 104 inmates.

*of State Police,* 491 U.S. 58, 71 (1989).  Therefore, Vienna Correctional Center shall be dismissed from this action with prejudice.

Plaintiff has named no other defendants.  Absent any allegations of individual involvement, the warden of the facility would appear to be the proper defendant to answer for claims regarding the conditions of confinement.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).  Although this defect is easily cured, there is one more impediment to this action proceeding.

Plaintiff has pled himself out of court.  In the complaint, Plaintiff admits that he took no steps to address his complaints regarding the conditions of his confinement using the prison's grievance procedure before filing this lawsuit (Doc. 1, p. 4).  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.,* 182 F.3d 532, 534–535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Although Plaintiff is not required to plead exhaustion in order to proceed with his claim in federal court, Plaintiff's unambiguous admission in the complaint that he failed to use Vienna's grievance process at all before filing suit is determinative.  *See, e.g., Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004); *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004) ("It is of course true that if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado.") Plaintiff's complaint makes it abundantly clear that he failed to comply

with the requirements of Section 1997e(a). Therefore, this action was prematurely filed and must be dismissed, albeit without prejudice. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1997e(a). Judgment shall be entered accordingly and the Clerk of Court shall close this case.

**IT IS SO ORDERED.**

DATED: August 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge